UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMEKIA PAIGE | CIVIL ACTION |
| VERSUS | NO. 19-190-RLB |
| STATE FARM FIRE AND CASUALTY COMPANY | CONSENT |

## ORDER

Before the Court is Defendant's Motion to Compel More Sufficient Discovery Responses and Production of Documents and Things from Plaintiff (R. Doc. 14) filed on October 16, 2019. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.     Background**

Tamekia Paige ("Plaintiff") initiated this action in state court to obtain recovery from State Farm Fire and Casually Company ("State Farm") for alleged losses incurred under her homeowner's policy as a result of a burglary of her home on Ellerslie Drive in Baton Rouge ("Ellerslie Property") on November 17, 2017. (R. Doc. 1-4).  State Farm removed the action. (R. Doc. 1).  In its answer, State Farm asserts that Plaintiff filed a "second claim" for theft-related losses that "has complicated the adjustment of the first claim." (R. Doc. 6 at 1).  State Farm asserts that the second alleged theft occurred at Plaintiff's "other home" on Brownfields Drive in Baton Rouge ("Brownfields Property") on December 18, 2017. (R. Doc. 14-2 at 2).

State Farm served its first sets of interrogatories and requests for production on May 28, 2019. (R. Doc. 14-3 at 11-22).  Plaintiff provided responses on July 19, 2019. (R. Doc. 14-3 at 23-41).  Plaintiff provided certain supplemental responses on October 14, 2019. (R. Doc. 14-3 at 50-55).  There is no dispute regarding the timelines of these responses.  State Farm now seeks

clarification of Plaintiff's responses to Interrogatory Nos. 3, 12, 15, 19 and Request for Production No. 2.

State Farm served a second set of requests for admission and requests for production on August 27, 2019. (R. Doc. 14-3 at 46-48). State Farm represents that no responses were provided by the agreed upon extended deadline of October 14, 2019. (R. Doc. 14-2 at 12).

State Farm also made several attempts to obtain a date to inspect the Ellerslie Property and Brownfields Property. (*See* R. Doc. 14-2 at 10-11). State Farm now seeks an order requiring Plaintiff to provide dates for the inspection of both properties. (R. Doc. 14-2 at 12).

On September 12, 2019, Plaintiff's original counsel, Jonathan Holloway, sought to withdraw as counsel and substitute Plaintiff's current counsel, Loreal Jackson, as attorney of record. (R. Doc. 12). The Court denied the motion because Ms. Jackson was not admitted to practice in this district. (R. Doc. 13).

On October 16, 2019, State Farm filed the instant motion to compel. (R. Doc. 15).

On October 21, 2019, Mr. Holloway and Ms. Jackson filed a joint motion for the purposes of having Ms. Jackson substituted as Plaintiff's counsel. (R. Doc. 15). The Court granted the motion. (R. Doc. 16).

The Court then set a telephone conference to discuss the pending motion to compel to take place on December 16, 2019. (R. Doc. 17). Ms. Jackson failed to participate in the telephone conference. (R. Doc. 18). To date, Plaintiff has not filed an opposition to the pending motion to compel.

## II. Law and Analysis

### A. First Set of Interrogatories and Requests for Production

**Interrogatory Nos. 3 and 12**

These interrogatories collectively seek the identification of every person who resided at the Ellerslie Property and their contact information. Plaintiff identified her daughter in response to Interrogatory No. 3, but did not provide any contact information in response to Interrogatory No. 12

Plaintiff shall provide the current telephone number, email address, and residential address of her daughter Jassamine Paige. To the extent she does not know this information, she must provide the last known telephone number, email address, and residential address of her daughter Jassamine Paige. To avoid any further confusion, Plaintiff must identify whether Jassamine Paige resided at the Ellerslie Property on November 17, 2017.

**Interrogatory No. 15**

This interrogatory seeks the contact information for Plaintiff's husband Sidney Sanford. Plaintiff provided in her supplemental response provided on October 14, 2019 that she did not know his whereabouts and had not communicated with him in approximately two years.

Plaintiff shall provide the current telephone number, email address, and residential address of her husband Sidney Sanford. To the extent she does not know this information, she must provide his last known telephone number, email address, and residential address. To avoid any further confusion, Plaintiff must identify whether Sidney Sanford resided at the Ellerslie Property on November 17, 2017.

**Interrogatory No. 19**

This interrogatory seeks identification of every fact witness and expert witness that Plaintiff may call at trial and their contact information. Plaintiff responded by identifying several individuals, but objected to the extent State Farm sought their contact information as she did not have the consent to provide this information.

The identification of fact and expert witnesses is controlled by the Court's Scheduling Order. (*See* R. Doc. 10). Accordingly, the Court will not require Plaintiff to respond further to this interrogatory.

Plaintiff is reminded, however, of her duty to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that [Plaintiff] may use to support [her] claims or defenses, unless the use would be solely for impeachment." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). This requirement is not optional and is not subject to the consent of any non-party.[1] Failure to comply may result in sanctions, including an order precluding the use of such witnesses.

**Request for Production No. 2**

This request for production seeks the production of all documents that Plaintiff believes supports the damages she is seeking from State Farm. In her response, Plaintiff stated, among other things, that she had produced an "Excel Spread Sheet and receipts of items she believes represents items stolen during the burglaries." (R. Doc. 14-3 at 34). In her supplemental response, Plaintiff stated she produced a "detailed list and receipts of items she believes represents items stolen during the burglaries." (R. Doc. 14-3 at 53-54).

---

[1] In addition, Plaintiff may also be required to disclose contact information in the context of other discovery requests, irrespective of the consent of any such persons.

Plaintiff must clarify what produced document constitutes the "Excel Spread Sheet" and/or "detailed list" provided in response to this request for production. To avoid any further confusion, Plaintiff must re-produce the "Excel Spread Sheet" and/or "detailed list" with the supplemental response.

     **B.**    **Request for Inspection Dates**

Between the dates of August 20, 2019 and October 3, 2019, State Farm made six written requests for dates to conduct 30-minute inspections of the Ellerslie Property and the Brownfield Property. (*See* R. Doc. 14-2 at 10-11). On October 14, 2019, Plaintiff consented to an inspection of the Ellerslie Property but objected to an inspection of the Brownfields Property "as it was never part of any burglary and is not the subject of this litigation." (R. Doc. 14-3 at 49).

Given the foregoing response, and the lack of any opposition to this motion, the Court will require Plaintiff to provide State Farm a date in January of 2020 to conduct a 30-minute inspection of the Ellerslie Property. The Court will not, however, order any inspection of the Brownfields Property at this time given the record. The homeowner's policy in the record appears only to insure the Ellerslie Property. (*See* R. Doc. 1-2 at 40). State Farm has submitted no evidence that Plaintiff made a second claim for theft-related losses pertaining to the Brownfields Property or otherwise identified the policy under which any such claim has been made.

To the extent State Farm again seeks an inspection of the Brownfields Property prior to the close of non-expert discovery, it must serve a request under Rule 34 of the Federal Rules of Civil Procedure for such an inspection. Furthermore, if necessary, counsel for the parties must meet and confer in good faith prior to the filing of any additional motion to compel with respect to such an inspection.

### C. Second Set of Request for Admissions and Requests for Production

The record indicates that Plaintiff did not respond to nine requests for admission and two requests for production served on August 27, 2019. (R. Doc. 14-3 at 46-48). The record indicates that the parties extended the deadline to respond to October 14, 2019, but no responses were provided by the time State Farm filed its motion. (R. Doc. 14-2 at 12).

Because Rule 36 is self-executing, Plaintiff is deemed to have admitted State Farm's Second Set of Requests for Admission by default. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Rule 36(b) provides that "[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. Proc. 36(b); *see In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."). The Court may "permit the withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Accordingly, Plaintiff must file an appropriate motion to withdraw or amend the deemed admissions.

With respect to the requests for production, the Court finds that Plaintiff has waived her objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to

"discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiff to provide responses to State Farm's Second Set of Requests for Production without any objections other than those pertaining to any applicable privileges or immunities.

### III. Conclusion

Based on the foregoing,

Defendant's Motion to Compel More Sufficient Discovery Responses and Production of Documents and Things from Plaintiff (R. Doc. 14) is **GRANTED IN PART and DENIED IN PART**. Within **14 days** of the date of this Order, Plaintiff must provide (1) supplemental responses to State Farm's First Set of Discovery (Interrogatory Nos. 12 and 15 and Request for Production No. 2), (2) a date and time for an inspection of the Ellerslie Property to occur in January of 2020, and (3) responses to State Farm's Second Set of Requests for Production. The parties shall bear their own costs under Rule 37(a)(5)(C).

Signed in Baton Rouge, Louisiana, on December 18, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**